IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

MR. IVAN L. MENDEZ, et al.,

    Plaintiffs/Petitioners,

v.                                                                    No. CV 10-0554 BB/WDS

ONE OF THE CONECTED [sic], WIRED
MEMBERS OF A BIG INTERNATIONAL
CRIMINAL ORGANIZATION, et al.,

    Defendants/Respondents.

MEMORANDUM OPINION AND ORDER DISMISSING COMPLAINT AND
PROPOSING FILING RESTRICTIONS

This matter is before the Court, *sua sponte* under 28 U.S.C. § 1915(e)(2) and Fed. R. Civ. P. 12(b)(6), to review Plaintiff's civil rights complaint. Plaintiff is incarcerated, appears pro se, and has moved for leave to proceed in forma pauperis ("IFP") (Doc. 2). The filing fee for this civil rights complaint is $350.00. Plaintiff is required to pay the full amount of the filing fee pursuant to § 1915(b)(1). Based on the financial information in Plaintiff's filings, the Court will grant him leave to proceed IFP and will waive the initial partial payment pursuant to § 1915(b)(1). For the reasons below, the Court will dismiss the complaint.

The Court has the discretion to dismiss an in forma pauperis complaint *sua sponte* under §1915(e)(2) "at any time if . . . the action . . . is frivolous or malicious; [or] fails to state a claim on which relief may be granted." The Court also may dismiss a complaint *sua sponte* under Fed. R. Civ. P. 12(b)(6) for failure to state a claim if "it is 'patently obvious' that the plaintiff could not

prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (quoting *McKinney v. Oklahoma, Dep't of Human Services*, 925 F.2d 363, 365 (10th Cir. 1991)). A plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In reviewing Plaintiff's pro se complaint, the Court applies the same legal standards applicable to pleadings drafted by counsel but liberally construes the allegations. *See Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992).

Plaintiff, who is incarcerated in Delaware, has previously filed two complaints in this Court in *Mendez v. National Railroads of Mexico*, No. CIV 09-1222 RB/DJS, and *Mendez v. Conected* [sic]*, Wired Members Of A Big International Criminal Organization*, No. CIV 09-0304 BB/ACT. The current complaint (Docs. 1, 3) consists of a number of documents identified as complaints, all filed on the same day. As in his two earlier complaints, Plaintiff again asserts that he has been injured by an international conspiracy against "old White American cowboys and cowgirls." And as before, the conspirator-Defendants are affiliated with the National Railroads of Mexico and are conected [sic], wired members of a big international criminal organization. This time, Plaintiff does not make the specific allegations made before, but the complaint appears to assert that Defendants are responsible for his incarceration. It appears that he seeks an order of deportation as well as damages and equitable relief preventing further harm by Defendants.

Under Supreme Court and circuit precedent, Plaintiff's complaint does not state claims upon which relief can be granted. As noted above, "the plaintiff must allege enough factual matter, taken as true, to make his 'claim to relief . . . plausible on its face.' " *Bryson v. Gonzales*, 534 F.3d 1282, 1286 (10th Cir. 2008) (citing *Twombly*, 550 U.S. at 570). The Supreme Court also has held that

dismissal under (former) § 1915(d) is appropriate for allegations "describing fantastic or delusional scenarios." *See Neitzke v. Williams*, 490 U.S. 319, 328 (1989); *McKinney*, 925 F.2d at 365. The cited standards preclude relief on Plaintiff's prison-conditions claims arising from a conspiracy among affiliates of the National Railroads of Mexico and conected [sic], wired members of a big international criminal organization. The Court will dismiss the complaint.

Three of Plaintiff's IFP complaints have now been dismissed as frivolous or for failure to state a claim, and thus any future IFP filings will be governed by the "three strikes" provisions of 28 U.S.C. § 1915(g). Furthermore, "[f]ederal courts have the inherent power under 28 U.S.C. § 1651(a) to regulate activities of abusive litigants by imposing carefully tailored restrictions if circumstances warrant." *Keyter v. 535 Members of the 110th Cong.*, 277 F. App'x 825, 827 (10th Cir. 2008) (citing *Winslow v. Hunter*, 17 F.3d 314, 315 (10th Cir. 1994)). Because Plaintiff's filings are repetitive and abusive, the Court will enter restrictions against him. A final order of dismissal in this case will not be entered until objections to the proposed filing restrictions are resolved or, if no objections are filed, the time for objecting has passed. *See Tripati v. Beaman*, 878 F.2d 351, 353-54 (10th Cir. 1989).

IT IS THEREFORE ORDERED as follows:

- Plaintiff's motion for leave to proceed in forma pauperis (Doc. 2) is GRANTED, and the initial partial payment is WAIVED;

- Plaintiff's complaint (Docs. 1, 3) is DISMISSED with prejudice;

- Plaintiff is hereby notified that this Order constitutes a third dismissal under 28 U.S.C. § 1915(g), which prohibits him from filing further complaints in forma pauperis except as provided in § 1915(g);

- Furthermore, and alternatively, Plaintiff will be ENJOINED from proceeding in this Court as a plaintiff unless he is represented by a licensed attorney admitted to practice in this Court or unless he first obtains permission to proceed pro se. To obtain permission to proceed pro se, Plaintiff must take the following steps:

1. File a petition requesting leave to file a complaint or to proceed pro se;
2. Include in or with the petition the following:
A. A list of all lawsuits currently pending or filed previously with this court, including the name, number, and citation, if applicable, of each case, and the current status or disposition of the case;
B. A list of all outstanding injunctions or orders limiting Plaintiff's access to federal court, including orders and injunctions requiring him to seek leave to file matters pro se or requiring him to be represented by an attorney, including the name, number, and citation, if applicable, of all such orders or injunctions; and
C. A notarized affidavit, in proper legal form, which recites the claims Plaintiff seeks to present, including a short discussion of the legal basis asserted therefor. The affidavit also must certify that, to the best of Plaintiff's knowledge, the claims being raised are not frivolous or made in bad faith, but are warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law; that the complaint is not interposed for any improper purpose such as delay or to needlessly increase the cost of litigation; and that he will comply with all federal and local rules of this court.

The Court may summarily dismiss a petition submitted by Plaintiff if any of the required information is missing, in an improper form, or untimely. If the petition is not dismissed, the Clerk will forward Plaintiff's filings to the assigned Judge or Magistrate Judge to review and determine whether to permit Plaintiff to file a pro se complaint. The assigned Judge may dismiss the petition, or, if the petition is approved, either of the assigned Judges may enter an order allowing Plaintiff to file a pro se complaint.

**Within twenty-one days from entry of this order, Plaintiff may file written objections to these proposed filing restrictions, and the restrictions will only take effect upon further order of the Court**.

_____
UNITED STATES DISTRICT JUDGE